UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In Re: ) Bankruptcy Case
) No. 08-62504-fra7
MICHAEL ROSS WARE, )
) MEMORANDUM RE: DEBTOR'S
) OBJECTION TO COMPENSATION OF
Debtor. ) TRUSTEE'S ATTORNEY

The Debtor, upon receipt of the Trustee's final report, filed an objection to the amount proposed to be paid to the Trustee's attorney. The Court has reviewed the attorney's proof of claim, and determined that the objection should be overruled.

This case was commenced on July 14, 2008. Before it was concluded the Trustee was involved in two adversary proceedings, and had to undertake substantial efforts to recover estate assets, including a claim pursued by the Debtor against third parties. Trustee's counsel, employed pursuant to an order entered on October 15, 2008, was required to advise the Trustee regarding the estate's rights to proceeds of a legal malpractice claim settled by the Debtor pre-petition, mining claims claimed by the Debtor, and a cause of action asserted by the Debtor

Page 1 - MEMORANDUM RE: DEBTOR'S OBJECTION TO COMPENSATION OF
         TRUSTEE'S ATTORNEY

against Bank of America and other creditors. Counsel was also required to advise the Trustee respecting the Trustee's intervention in an adversary proceeding commenced by the Debtor. That matter was eventually settled with counsel's assistance. Finally, counsel appeared for the Trustee with respect to the Trustee's objections to Debtor's claimed exemptions.

The Debtor's objection does not point to any particular activity, or the time involved. His objection rests on his view that the Trustee's activities were inappropriate and unfair to the Debtor, that the Trustee's decision to settle the Bank of America litigation was inappropriate, and that the attorney's activities displayed a level of incompetence rendering his $210 hourly rate inappropriate.

I have reviewed the record in the main case and associated adversary proceedings, and find that all were appropriately pursued and concluded. I further find that $210 per hour is a common and appropriate rate for legal services provided to trustees in western and southern Oregon. I have reviewed the detailed billing attached to the attorney's proof of claim, and find no entries that I find to be inappropriate, either with respect to the activity undertaken or the time expended.

To be sure, the total claim of $19,955.64 seems quite high when compared to the assets available in the case. However, the efforts undertaken by the Trustee and his attorney are almost entirely in response to inappropriate conduct on the part of the Debtor, such as his pursuit of the Bank of America claim, which was an asset of the estate.
// // //

Page 2 - MEMORANDUM RE: DEBTOR'S OBJECTION TO COMPENSATION OF
TRUSTEE'S ATTORNEY

In short, I find no basis for the Debtor's objection to the Trustee's attorney's fees, and find that the objection should be overruled.

    The foregoing constitutes the Court's findings of fact and conclusions of law. An order overruling the Debtor's objection has been entered contemporaneously with this memorandum.

                                     FRANK R. ALLEY, III
                                     Bankruptcy Judge